UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FRANCISCO GARCIA, on behalf of himself and all
other persons similarly situated,

                                      Docket No.:

                   Plaintiff,

          -against-                         **COMPLAINT**

JAAC CORP. d/b/a ATHENIAN GREEK
TAVERNA, and ANTHONY CALDERERA,        *Collective Action*

                  Defendants.
-------------------------------------------------------------X

     Plaintiff, FRANCISCO GARCIA ("Plaintiff"), on behalf of himself, individually, and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants JAAC CORP. d/b/a ATHENIAN GREEK TAVERNA, ("Athenian Greek"), and ANTHONY CALDERERA ("Calderera," together with Athenian Greek as "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

     1.     Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiff also brings this action to recover unpaid overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("New York Labor Law").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5.      Plaintiff is a resident of the County of Suffolk, State of New York.

6.      At all times relevant, Plaintiff was an "employee" of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York Labor Law § 190(2).

7.      At all times relevant, Defendants Athenian Greek was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York with a principal place of business located at 2188 Jericho Turnpike, Commack, New York.

8.      At all times relevant, Defendant Athenian Greek was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  Defendants' employees were engaged in the restaurant business, and handled products such as meat, fish, poultry, fruits, vegetables, breads, pots, pans, utensils, spatulas, grills, ovens, and other tools, equipment and products, many of which originated in states other than New York.

9.     At all times relevant, Defendant Athenian Greek was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

10.     At all times relevant, Defendant Calderera is and/or was an officer and/or owner of Athenian Greek, had authority to make payroll and personnel decisions for Athenian Greek, was active in the day-to-day management of Athenian Greek, including the payment of wages to Plaintiff and other employees and determining what wages were paid to Plaintiff and other employees, and is liable as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

11.     Defendants are engaged in the restaurant business in Suffolk county.

12.     Plaintiff was employed by the Defendants as a cook from in or about September 1998 through March 2021.  When Plaintiff was first hired by Defendants, he was paid at a rate of $14.00 per hour, and all of his hours were paid by check.  However, in or around 2016, Defendants removed Plaintiff from payroll, and began paying him by a combination of part-check and part-cash, however, the cash portion of Plaintiff's wages never exceeded $375.00 during any week, regardless of the number of hours he worked.

13.     Throughout his employment, Plaintiff regularly worked six days per week, Tuesday through Sunday, with each shift beginning and ending at varying times, however, Plaintiff's shifts were never shorter than eleven hours per day, and often as long as twelve hours per day.  Accordingly, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did regularly work, far in excess of forty hours each week.

14.     Throughout his employment, Defendants failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked in

excess of forty in a workweek. Instead, Defendants paid Plaintiff for some hours he worked over forty, and nothing at all for many others.

15.     Throughout his employment, Defendants failed to pay Plaintiff with spread of hours for each day when the spread of hours between the beginning and end of his shift exceeded ten hours, which was almost every day that he worked. Instead, Defendants paid Plaintiff spread of hours pay for some days when the spread of hours exceeded ten, and nothing at all for many others.

16.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

17.     Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate in his primary language upon Plaintiff's hire as required by NYLL § 195(1).

18.     Throughout his employment, Defendants failed to provide Plaintiff with accurate wage statements along with his pay, that depicted his total hours worked and total wages earned, including the correct amount of overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

19.     Defendants failed to post required notices regarding payment of minimum wages and overtime compensation as required by the FLSA and NYLL.

20.     Defendants treated and paid Plaintiff and the FLSA Collective Action Plaintiffs in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

21.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies,

programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) hours each week.

22.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

23.     Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendants as cooks, kitchen staff, and/or workers in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

24.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).

25.     Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

26.     Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

27.     Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, and persons similarly situated for workweeks longer than forty (40) hours and willfully failed to compensate them for all their time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the FLSA.

28.     Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.

29.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

30.     Due to Defendants' violations of the FLSA, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

31.     Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

32.     Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the NYLL.

33.     By Defendants' failure to pay Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, proper overtime wages for all hours worked in excess of 40 hours per week, Defendants violated the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

34.     Defendants' violations of the NYLL as described in this Complaint have been willful and intentional.

35.     Due to Defendants' violations of the NYLL, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW: SPREAD OF HOURS)**

36.     Plaintiff and every FLSA Collective Action Plaintiff who opts into this action alleges and incorporates by reference all allegations in all preceding paragraphs.

37.     Defendants willfully failed to pay Plaintiff and every FLSA Collective Action Plaintiff who opts into this action one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

38.    Plaintiff and every FLSA Collective Action Plaintiff who opts into this action is entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees, and the costs of this action.

### FOURTH CLAIM FOR RELIEF
### (VIOLATION OF NYLL § 195(1))

39.    Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

40.    Defendants failed to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire, and/or failed to provide same in their primary language, regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information, as required by NYLL § 195(1).

41.    Due to Defendants' failure to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

### FIFTH CLAIM FOR RELIEF
### (VIOLATION OF NYLL § 195(3))

42.    Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

43.    Defendants failed to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements, depicting their wages earned, including,

*inter alia*, their amount of overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

44.    Due to Defendants' failure to provide Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements along with their wages as required by NYLL § 195(3), Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, prays for the following relief:

i.    An order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii.    Designation of this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv.     Unpaid wages, including but not limited to unpaid overtime pay and unpaid spread

of hours wages owed, pursuant to the NYLL and New York Department of Labor

Regulations, plus an equal amount in liquidated damages;

v.      Damages pursuant to New York Labor Law §§ 195(1), (3), and 198;

vi.     Pre- and post-judgment interest as permitted by law;

vii.    All attorneys' fees incurred in prosecuting these claims;

viii.   All costs incurred in prosecuting these claims; and

ix.     Such other and further relief as this Court deems just and proper.

Dated:  Hauppauge, New York
        December 21, 2021

LAW OFFICE OF PETER A. ROMERO, P.L.L.C.
*Attorneys for Plaintiff*
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel.: (631) 257-5588

By:     _____
        MATTHEW J. FARNWORTH, ESQ.
        PETER A. ROMERO, ESQ.

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Athenian Greek Taverna, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

Francisco Garcia

12/14/21

Francisco Garcia                              Date