```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
```
FRANCISCO GARCIA and DIMAS ACOSTA,
on behalf of themselves and all other persons
similarly situated,

          Docket No.: 21-CV-07052-JS-JMW

       Plaintiffs,

  -against-          **AMENDED COMPLAINT**

JAAC CORP. d/b/a ATHENIAN GREEK
TAVERNA, ALEX HOMENIDES, JOHN
HOMENIDES, and ANTHONY CALDERERA,    *Collective Action*

       Defendants.
```
-------------------------------------------------------------X
```

    Plaintiffs, FRANCISCO GARCIA ("Garcia") and DIMAS ACOSTA ("Acosta," together, with Garcia, as "Plaintiffs"), on behalf of themselves, individually, and all other persons similarly situated, by and through their attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants JAAC CORP. d/b/a ATHENIAN GREEK TAVERNA, ("Athenian Greek"), ALEX HOMENIDES ("Alex"), JOHN HOMENIDES ("John"), and ANTHONY CALDERERA ("Calderera," together with Athenian Greek, Alex, and John as "Defendants"), allege as follows:

## NATURE OF THE ACTION

    1.    Plaintiffs bring this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of themselves and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiffs also bring this action to recover unpaid overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("New York Labor Law"). Plaintiffs further bring this action to seek damages for

retaliation under the FLSA and NYLL, as well as battery under New York Common Law on behalf of Plaintiff Acosta only.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5. Plaintiff Garcia is a resident of the County of Suffolk, State of New York.

6. At all times relevant, Plaintiff Garcia was an "employee" of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York Labor Law § 190(2).

7. Plaintiff Acosta is a resident of the County of Suffolk, State of New York.

8. At all times relevant, Plaintiff Acosta was an "employee" of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York Labor Law § 190(2).

9. At all times relevant, Defendants Athenian Greek was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York with a principal place of business located at 2188 Jericho Turnpike, Commack, New York.

10. At all times relevant, Defendant Athenian Greek was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that

have been moved in or produced for commerce. Defendants' employees were engaged in the restaurant business, and handled products such as meat, fish, poultry, fruits, vegetables, breads, pots, pans, utensils, spatulas, grills, ovens, and other tools, equipment and products, many of which originated in states other than New York.

11. At all times relevant, Defendant Athenian Greek was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

12. At all times relevant, Defendant Alex is and/or was an officer and/or owner of Athenian Greek, had authority to make payroll and personnel decisions for Athenian Greek, was active in the day-to-day management of Athenian Greek, including the payment of wages to Plaintiffs and other employees and determining what wages were paid to Plaintiffs and other employees, and is liable as an "employer" within the meaning of the FLSA and NYLL.

13. At all times relevant, Defendant John is and/or was an officer and/or owner of Athenian Greek, had authority to make payroll and personnel decisions for Athenian Greek, was active in the day-to-day management of Athenian Greek, including the payment of wages to Plaintiffs and other employees and determining what wages were paid to Plaintiffs and other employees, and is liable as an "employer" within the meaning of the FLSA and NYLL.

14. At all times relevant, Defendant Calderera is and/or was an officer and/or owner of Athenian Greek, had authority to make payroll and personnel decisions for Athenian Greek, was active in the day-to-day management of Athenian Greek, including the payment of wages to Plaintiffs and other employees and determining what wages were paid to Plaintiffs and other employees, and is liable as an "employer" within the meaning of the FLSA and NYLL.

# FACTS

15. Defendants are engaged in the restaurant business in Suffolk County.

**Plaintiff Garcia's Claims**

16. Plaintiff Garcia was employed by the Defendants as a cook from in or about September 1998 through March 2021. When Garcia was first hired by Defendants, he was paid at a rate of $14.00 per hour, and all of his hours were paid by check. However, in or around 2016, Defendants removed Garcia from payroll, and began paying him by a combination of part-check and part-cash, however, the cash portion of Garcia's wages never exceeded $375.00 during any week, regardless of the number of hours he worked.

17. Throughout his employment, Garcia regularly worked six days per week, Tuesday through Sunday, with each shift beginning and ending at varying times, however, Garcia's shifts were never shorter than eleven hours per day, and often as long as twelve hours per day. Accordingly, throughout his employment, Defendants required Garcia to work, and Garcia did regularly work, far in excess of forty hours each week.

18. Throughout his employment, Defendants failed to pay Garcia overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty in a workweek. Instead, Defendants paid Garcia for some hours he worked over forty, and nothing at all for many others.

19. Throughout his employment, Defendants failed to pay Garcia with spread of hours for each day when the spread of hours between the beginning and end of his shift exceeded ten hours, which was almost every day that he worked. Instead, Defendants paid Garcia spread of hours pay for some days when the spread of hours exceeded ten, and nothing at all for many others.

20. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Garcia.

21. Defendants failed to provide Garcia with a notice and acknowledgement of his wage rate in his primary language upon Garcia's hire as required by NYLL § 195(1).

22. Throughout his employment, Defendants failed to provide Garcia with accurate wage statements along with his pay, that depicted his total hours worked and total wages earned, including the correct amount of overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

23. Defendants failed to post required notices regarding payment of minimum wages and overtime compensation as required by the FLSA and NYLL.

**Plaintiff Acosta's Claims**

24. Plaintiff Acosta was employed by the Defendants as a busboy, and later as a server from in or about 2002 through January 7, 2022. Throughout his employment, Defendants paid Plaintiff at a rate of $12.00 per hour for all hours worked, and subsequent to 2010, all of his hours were paid by check.

25. Throughout his employment, Acosta regularly worked six days per week, Tuesday through Sunday, with each shift Tuesday through Saturday beginning at 11:00 a.m. and ending between 9:30 p.m. and 10:00 p.m., and Sundays from 4:00 p.m. until 9:30 p.m., without an uninterrupted break each day. Accordingly, throughout his employment, Defendants required Acosta to work, and Acosta did regularly work, far in excess of forty hours each week.

26. Throughout his employment, Defendants failed to pay Acosta overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked in

excess of forty in a workweek. Instead, Defendants paid Acosta for some hours he worked over forty, and nothing at all for many others.

27. Throughout his employment, Defendants failed to pay Acosta with spread of hours for each day when the spread of hours between the beginning and end of his shift exceeded ten hours, which was almost every day that he worked. Instead, Defendants paid Acosta spread of hours pay for some days when the spread of hours exceeded ten, and nothing at all for many others.

28. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Acosta.

29. Defendants failed to provide Acosta with a notice and acknowledgement of his wage rate in his primary language upon Acosta's hire as required by NYLL § 195(1).

30. Throughout his employment, Defendants failed to provide Acosta with accurate wage statements along with his pay, that depicted his total hours worked and total wages earned, including the correct amount of overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

31. Defendants failed to post required notices regarding payment of minimum wages and overtime compensation as required by the FLSA and NYLL.

**Plaintiffs' Retaliation Claims**

32. On December 21, 2021, Plaintiff Garcia commenced this action against Defendants Calderera and Athenian Greek by filing his original complaint in the Eastern District of New York.

33. On January 4, 2022, service of process of the Summons and Complaint were attempted on Calderera at Athenian Greek, located at 2188 Jericho Turnpike, Commack, New York.

34. On January 6, 2022, service of the Summons and Complaint was completed on Athenian Greek through the Office of the Secretary of State.

35. Defendants were aware of the lawsuit as of January 4, 2022, when service was attempted on Calderera at Athenian Greek's location.

36. On or about January 7, 2022, Defendants proceeded to yell at and berate Plaintiff Acosta in retaliation for his brother, Plaintiff Garcia, filing his complaint for unpaid wages in this matter. Defendant Alex told Plaintiff Acosta that he and his brother were both "pieces of shit," and that he did not need them to work for him anymore.

37. Defendants fired Plaintiff Acosta in retaliation for his brother, Plaintiff Garcia, brining a lawful unpaid wage claim against them, and proceeded to escort him out the back door of the restaurant.

38. As Acosta was leaving the restaurant, Defendant Alex viciously punched Plaintiff Acosta twice: once to the center of his back, and another to the back of his neck. Plaintiff Acosta had no choice but to flee to his car where he called the police, who informed him how to file a criminal complaint against Defendants.

39. Defendants treated and paid Plaintiffs and the FLSA Collective Action Plaintiffs in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

40. At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) hours each week.

41. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interests in bringing this action.

42. Plaintiffs seek to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendants as cooks, kitchen staff, and/or workers in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

43. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).

44. Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

45. Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

46. Defendants employed Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, and persons similarly situated for workweeks longer than forty (40) hours and willfully failed to compensate them for all their time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the FLSA.

47. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.

48. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

49. Due to Defendants' violations of the FLSA, Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

50. Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

51. Defendants employed Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the NYLL.

52. By Defendants' failure to pay Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, proper overtime wages for all hours worked in excess of 40 hours per week, Defendants violated the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

53. Defendants' violations of the NYLL as described in this Complaint have been willful and intentional.

54. Due to Defendants' violations of the NYLL, Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW: SPREAD OF HOURS)**

55. Plaintiffs and every FLSA Collective Action Plaintiff who opts into this action re-allege and re-incorporate by reference all allegations in all preceding paragraphs.

56. Defendants willfully failed to pay Plaintiffs and every FLSA Collective Action Plaintiff who opts into this action one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

57. Plaintiffs and every FLSA Collective Action Plaintiff who opts into this action is entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees, and the costs of this action.

**FOURTH CLAIM FOR RELIEF**
**(VIOLATION OF NYLL § 195(1))**

58. Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

59. Defendants failed to provide Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire, and/or failed to provide same in their primary language, regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information, as required by NYLL § 195(1).

60. Due to Defendants' failure to provide Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

**FIFTH CLAIM FOR RELIEF**
**(VIOLATION OF NYLL § 195(3))**

61. Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

62. Defendants failed to provide Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements, depicting their wages earned, including,

*inter alia*, their amount of overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

63. Due to Defendants' failure to provide Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements along with their wages as required by NYLL § 195(3), Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

### SIXTH CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – RETALIATION)

64. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

65. Pursuant to FLSA § 215(a)(3), it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint ... under ... this chapter, or has testified or is about to testify in any such proceeding."

66. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs are employees within the meaning of the FLSA.

67. As also described above, after Plaintiff Garcia filed his good faith complaint in this matter on December 21, 2021, about Defendants' failure to pay him proper wages, Defendants retaliated by terminating his brother, Plaintiff Acosta, from his employment.

68. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff Acosta has suffered, and continues to suffer, economic harm, including lost wages and employee benefits, for which he is entitled to an award of monetary damages and other relief.

69. Additionally, Plaintiffs are entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's anti-retaliation

provision, and all other appropriate forms of relief, including attorneys' fees and costs of this action.

**SEVENTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – RETALIATION)**

70. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

71. Pursuant to NYLL § 215, it is unlawful to "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee" who has engaged in protected activity under the statute.

72. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs are employees within the meaning of the NYLL.

73. As also described above, after Plaintiff Garcia filed his good faith complaint in this matter on December 21, 2021, about Defendants' failure to pay him proper wages, Defendants retaliated by terminating his brother, Plaintiff Acosta, from his employment.

74. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff Acosta has suffered, and continues to suffer, economic harm, including lost wages and employee benefits, for which he is entitled to an award of monetary damages and other relief.

75. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiffs have suffered, and continue to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which they are entitled to an award of monetary damages and other relief.

76. Additionally, Plaintiffs are entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation

provision, and all other appropriate forms of relief, including attorneys' fees, costs of this action, and interest as permitted by law.

77. At or before the filing of this Complaint, Plaintiffs served notice of the action upon the Office of the New York State Attorney General.

**EIGHTH CLAIM FOR RELIEF**
**ON BEHAL OF PLAINTIFF ACOSTA ONLY**
**(NEW YORK COMMON LAW – BATTERY)**

78. Plaintiff Acosta realleges and incorporates by reference the preceding allegations as if fully set forth herein.

79. On or about January 7, 2022, Defendant Alex made bodily contact with Plaintiff Acosta.

80. Knowingly, intentionally, recklessly, and without justification defense, or consent, Defendant Alex, harmfully and offensively contacted Plaintiff Acosta.

81. Defendant Alex's said bodily contact with Plaintiff Acosta was harmful and offensive in nature and was without Plaintiff Acosta's consent.

82. Defendant Alex intended to and did make bodily contact with Plaintiff Acosta without his permission or consent.

83. As a direct and proximate result of Defendant Alex's harmful and offensive contact, Plaintiff Acosta has suffered and continues to suffer from past, present and on-going emotional harm, mental anguish, embarrassment, humiliation and constant fear as a result of the foregoing.

84. Defendant Alex is liable to Plaintiff Acosta for battery.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, pray for the following relief:

i. An order restraining Defendants from any further retaliation against Plaintiffs and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii. Designation of this action as an FLSA collective action on behalf of the Plaintiffs and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv. Unpaid wages, including but not limited to unpaid overtime pay and unpaid spread of hours wages owed, pursuant to the NYLL and New York Department of Labor Regulations, plus an equal amount in liquidated damages;

v. Damages pursuant to New York Labor Law §§ 195(1), (3), and 198;

vi. Monetary damages as a result of Defendants retaliation, including for lost wages and employee benefits;

vii. Liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's and NYLL's anti-retaliation provisions;

viii. Emotional distress damages from past, present and on-going emotional harm, mental anguish, embarrassment, and humiliation;

ix. Pre- and post-judgment interest as permitted by law;

x. All attorneys' fees and costs incurred in prosecuting these claims;

xi. Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
January 12, 2022

                                          LAW OFFICE OF PETER A. ROMERO, P.L.L.C.
                                          *Attorneys for Plaintiff*
                                          490 Wheeler Road, Suite 250
                                          Hauppauge, New York 11788
                                          Tel.: (631) 257-5588

By: _____
      MATTHEW J. FARNWORTH, ESQ.
      PETER A. ROMERO, ESQ.

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Athenian Greek Taverna, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_Francisco H._　　　　　　　　　　　　　12/14/21
Francisco Garcia　　　　　　　　　　　　Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Athenian Greek Taverna, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_Dimas Acosta_             _1/10/22_
Dimas Acosta            Date